# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANNY SWANIGAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GREAT PLAINS ) <br> MANUFACTURING, INC. , ) <br> ) <br> Defendant. ) <br> ) | Case No. 09-1337-EFM-DWB |

## ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Danny Swanigan has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status. (Doc. 4.) He also has filed a Motion for Appointment of Counsel. (Doc. 5.) Having reviewed Plaintiff's motions, as well as his Complaint (Doc. 1), the Court is prepared to rule.

**I.     Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 50 years old and separated. (Doc. 4, at 1.) He lists three "dependents," but indicates their support is being provided by Social Security. (*Id*., at 2.) Plaintiff is currently unemployed, but was most recently employed by Defendant, making a sizeable monthly wage. (*Id*., at 2-3.) He lists an amount for "net (take home) income," but this appears to correspond to his listed Social Security benefits. (*Id*., at 2, 5.) He fails to list the information regarding employment of his spouse. Although they apparently are separated, the information before the Court would indicate that they remain legally married; thus, the information is required by the form. (*Id*., at 1-2.)

Plaintiff owns no real property, but does own one modest automobile

outright, which apparently has little monetary value. (*Id*., at 3-4.) He indicates a small amount of cash on hand. (*Id*., at 4.) In addition to the aforementioned Social Security benefits, he also lists an amount for Welfare payments, but the Court is unable to determine whether this amount is a monthly payment or aggregate amount paid over the past 12 months. (*Id*.) In addition, he lists a very large amount under "other sources" of income, without indicating from where this money derived and/or where the money has gone. (*Id*., at 5.) He enumerates the typical monthly expenses, including rent, utilities, telephone, and groceries. (*Id*.) He also lists an outstanding student loan, but fails to indicate the monthly payment and balance due. (*Id*.)

Given the information provided in Plaintiff's financial affidavit, it would appear that his monthly expenses exceed his monthly Social Security benefits by more than $120.00 per month. The Court does not know, however, how Plaintiff's listed Welfare payments received during the past 12 months fit into his financial equation as it cannot determine whether the amount listed is a monthly or aggregate amount. (*Id*., at 4.) The Court also has unanswered questions regarding the very sizeable amount of income from "other sources" listed by Plaintiff. (*Id*., at 5.)

Considering the numerous issues raised by Plaintiff's financial affidavit, the

Court cannot definitively state whether his monthly expenses exceed his monthly income and/or whether his access to the Court would be significantly hindered should the Court fail to grant his motion. As such, Plaintiff's *IFP* motion is **taken under advisement**, and Plaintiff is directed to supply the Court with the following supplemental financial information:

1. clarification of the amount of Welfare payments and whether these are continuing on a monthly basis;

2. clarification of whether the amount listed as "Net (take home) income" (*id*., at 2) is in fact his listed Social Security benefits (*id*., at 5);

3. identification of the source(s) of the large sum listed under "other sources" of income, and provide the Court with an explanation of the current location of this money and/or how it was spent. (*Id*., at 5);

4. information regarding his wife's employment, including the nature of her work, her monthly or weekly income (if known), and whether she provides any financial support for Plaintiff's listed dependents; and

5. information regarding his outstanding student loan, including the monthly amount and the balance due.

This supplemental document shall be filed on or before **February 22, 2010**, under seal, in the same manner as Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed) and his Affidavit of Financial Status (Doc. 4).[1] If Plaintiff fails to file the supplemental affidavit regarding his finances as outlined in this Order, this Court will immediately recommend that his *IFP* motion be <u>denied</u>.

**II.   Motion for Appointment of Counsel**.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of

---

[1] If Plaintiff so chooses, he may simply fill out another financial affidavit (to include all of the Court's requested information) and file it as a supplemental form, under seal.

volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

The Court is satisfied that Plaintiff diligently searched for counsel. (*See* Doc. 5.) As discussed above, the Court cannot determine whether Plaintiff can establish a limited ability to afford counsel. (*See* § I, above.) The Court is, however, able to base it's decision on this motion with an analysis of the remaining *Castner* factors: the merits of Plaintiff's case and his capacity to represent himself.

### A.  The Merits of Plaintiff's Case.

When a plaintiff appears *pro se*, a court construes his pleadings liberally and judges them against a less stringent standard than pleadings drawn by attorneys. **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). This does not mean, however, that a court is to become an advocate for the *pro se* plaintiff. **Hall**, 935 at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). A broad reading of a *pro se* plaintiff's Complaint does not relieve his burden to allege sufficient facts to provide the opposing party with fair notice of the basis of the claim or to allow the Court to conclude that the allegations, if proved, show Plaintiff is entitled to relief. **Hall**, 935 F.2d at 1110; *see also* **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d

1473 (10th Cir. 1989). Liberally construing a *pro se* plaintiff's Complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

In this case, Plaintiff completed the Civil Rights Complaint form provided by the Clerk of the Court, indicating that he was bringing the action for employment discrimination in violation of Title VII. (Doc. 1, at 1.) The form contains statements written by Plaintiff describing the manner in which he was allegedly discriminated and retaliated against, including his contention that he "was reprimanded twice for accident," "attacked on my job by my supervisor," and not properly returned to work. (*Id.*, at 3, 4, 8.)

A liberal review of Plaintiff's Complaint – including the allegations contained in his administrative charge, which is attached to the Complaint – reveals a pleading that should provide Defendant with sufficient factual detail to respond. It has also provided the Court with enough information to determine that, for the purposes of this motion, Plaintiff's claims are not frivolous on their face. In other words, if these allegations are proven, Plaintiff *may* be entitled to relief. The

fact that Plaintiff has contacted the requisite number of attorneys to inquire about representation and none of them were willing to take his case does, however, suggest that his case may not be a strong one.[2] Also, the EEOC found that, as a result of its investigation, it was "unable to conclude that the information obtained establishes violations of the statutes." (Doc. 1, at 6.) This also raises questions regarding the strength of Plaintiff's claims.

> B. **Plaintiff's Ability to Represent Himself**.

This brings the Court to the final factor – Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *See Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were

---

[2] The court does note that while Plaintiff filed this case in Wichita, Kansas, several of the law firms he contacted were located in either Kansas City or Topeka. The prospect of having this case in another geographic location may have influenced their decision not to accept representation of Plaintiff. On the other hand, there was no reason that those firms could not have filed the case in the city where they practiced had they decided to represent Plaintiff.

"not complex"). In addition, Plaintiff filed his federal court Complaint in a timely manner and included sufficient – albeit little – factual detail. The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to his case. Although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

Further, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day. To the contrary, Plaintiff has shown his ability to represent himself by drafting his agency charge of discrimination and federal court Complaint, which set out the operative facts to support his claims. (*See generally*, Doc. 1.) As such, Plaintiff's Motion to Appoint Counsel is **DENIED without prejudice** to renewal later in these proceedings should Plaintiff provide the Court with a sufficient showing of special circumstances that would warrant the appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed) is taken **under advisement** pending Plaintiff's submission of the additional information identified in the discussion set

forth above on or before **February 22, 2010**.  Should Plaintiff fail to file supplemental financial information as outlined in this Order, this Court will immediately recommend that this motion be denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 5) is **DENIED**, without prejudice, as discussed above.

A copy of this Memorandum and Order is to be mailed to Plaintiff by U.S. Mail.

Dated at Wichita, Kansas, on this 22nd day of January, 2010.

    s/  DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge