# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANNY SWANIGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-1337-EFM-DWB |
| ) | |
| GREAT PLAINS ) | |
| MANUFACTURING, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER ON SUPPLEMENTAL FINANCIAL INFORMATION
## IN SUPPORT OF PLAINTIFF'S
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

Plaintiff Danny Swanigan previously filed his Motion to Proceed Without Prepayment of Fees (IFP Application). (Doc. 3, sealed.) On January 22, 2010, this Court held that Plaintiff's application was deficient and took the motion under advisement, pending receipt of additional financial information to be supplied by Plaintiff on or before February 22, 2010. (Doc. 6.) Plaintiff was specifically instructed to provide information regarding his wife's employment, the sizeable amount of income he listed from "other sources," his Welfare payments, his outstanding student loan, and clarification of the amount listed as "Net (take home) income." (*Id*., at 3.)

As discussed in the Court's prior Order, a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and financial affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In a mailing received by the Clerk of Court on February 18, 2010, Plaintiff provided numerous documents relating to the information sought in the Court's January 22, 2010, Order. (Doc. 7.) Included therein is Plaintiff's signed statement that he has no information regarding his estranged wife's employment as he has had no contact with her in approximately seven years. (*Id.*, at 20.) This being the case, the Court is satisfied that her employment information would be irrelevant to its analysis of Plaintiff's financial situation. Further, from the supplemental

documents provided, the Court surmises that the sizeable amount listed in Plaintiff's initial affidavit under "other sources" of income consisted of a Worker's Compensation settlement paid to him. (*Id*., at 14-15.) He also includes various documents that, considered together, constitute a rough accounting of how he disbursed this money. (*Id*., at 2-10.) These documents include receipts for funds paid as well as handwritten notes from individuals attesting to the fact that they have loaned Plaintiff money over the years and/or that he has repaid them. (*Id*.) Plaintiff's itemization includes several outstanding loans to individuals he has yet to repay. (*Id*., at 6.)

In addition, Plaintiff has provided documentation regarding his monthly income, which consists primarily of Social Security disability payments. (*Id*., at 11-12.) Paperwork from the Social Security Administration includes information regarding an amount withheld each month from Plaintiff's benefits to pay his child support obligations. (*Id*.) Finally, Plaintiff has provided sufficient documentation regarding his outstanding student loan. (*Id*., at 13, 16-19.)

Considering all of the information contained in Plaintiff's initial financial affidavit and its supplement, Plaintiff's modest income – which is comprised of government benefits and a Worker's Compensation settlement – has not been sufficient to cover his debts and expenses. He has had to borrow money from other

individuals and, despite the sizeable Worker's Compensation settlement, to date he has been unable to repay all amounts owed. As such, the Court **GRANTS** Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed) is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court issue summons in this case directed to Defendant at the address shown in the caption of the Complaint.

Dated at Wichita, Kansas, on this 26th day of March, 2010.

         s/ DONALD W. BOSTWICK
         DONALD W. BOSTWICK
         United States Magistrate Judge