# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANNY SWANIGAN, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> GREAT PLAINS ) </br> MANUFACTURING, INC. , ) </br> ) </br> Defendant. ) </br> ) | Case No. 09-1337-EFM-KGG |

## ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY

NOW before the Court is Defendant's Motion to Compel Discovery (Doc. 24), in which Defendant seeks an Order compelling Plaintiff to "fully respond" to its discovery requests. Plaintiff, who is representing himself *pro se*, has not filed a response to the motion and the time to do so has expired. D. Kan. Rule 6.1(d)(1). As such, Defendant's motion (Doc. 24) is **GRANTED in part** as uncontested pursuant to D. Kan. Rule 7.4 and **DENIED in part, without prejudice**.

The discovery requests at issue were served on or about April 28, 2010. (Doc. 11; Doc. 24, at 1.) Pursuant to D. Kan. Rule 37.1(b), Defendant's motion should have been filed within 30 days of Plaintiff's failure to file timely responses. Thus, the present motion should have been filed on or before June 28, 2010.

Defendant did not file the motion to compel until December 20, 2010 – almost six months later. D. Kan. Rule 37.1(b) states, however, that the time for filing a motion to compel may be extended "for good cause shown."

Because Plaintiff has not responded to Defendant's motion, the Court must take Defendant's representations as accurate. According to the motion, defense counsel initially made "several phone calls to Plaintiff reminding him that his responses to Defendant's written discovery requests were past due . . . ." (Doc. 24, at 1.) This resulted in Plaintiff serving "incomplete and evasive" responses on November 5, 2010. (*Id*., at 1-2.) Defense counsel sent a "golden rule" letter to Plaintiff on November 12, 2010, "outlining the deficiencies with Plaintiff's discovery responses" and requesting supplemental answers on or before November 19, 2010. (*Id*.) According to defense counsel, Plaintiff, to date, has made no effort to communicate or provide supplemental responses.

Given the extensive, six month time frame Defendant waited to file its motion to compel, the Court is somewhat reluctant to find that Defendant has established "good cause" to file the motion out of time. Considering Plaintiff's failure to respond to Defendant's intervening efforts to communicate – as well as his failure to respond to Defendant's motion – the Court finds that Defendant has established good cause for waiting to file the motion. Defendant's uncontested

2

motion (Doc. 24) is, therefore, **GRANTED**.

Plaintiff is hereby directed to provide thorough, supplemental responses to Defendant's interrogatories and thorough responses to Defendant's requests for production.[1] Such responses shall be served on Defendant, at the office of Defendant's attorney, 129 South 8th Street, Salina, Kansas, on or before **Tuesday, February 1, 2011**.

In regard to Defendant's requests for sanctions against Plaintiff, the Court **DENIES** this portion of the motion **without prejudice**. Should Plaintiff fail to provide discovery responses in accordance with this order by the February 1, 2011, deadline, Defendant may choose to move for sanctions as it sees fit. In that event, the Court will entertain argument regarding any and all available sanctions including, but not limited to, a recommendation of dismissal to the District Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (Doc. 24) is hereby **GRANTED in part** and **DENIED in part, without prejudice**.

---

[1] Because Plaintiff failed to timely respond in any manner to Defendant's requests for production, any objections he may have to the document request have been waived and the responses will be made without objection.

Dated at Wichita, Kansas, on this 14th day of January, 2011.

                                       s/Kenneth G. Gale
                                       KENNETH G. GALE
                                       United States Magistrate Judge